UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENNIFER ARMSTRONG, <br> For and on behalf of her minor child, J.A., <br> <br> Plaintiff, <br> <br> v. <br> <br> CITY OF FORT WAYNE, RYAN NYSTUEN, <br> and ALLI BARNHORST <br> (City of Fort Wayne Police Officers sued in their individual capacities), <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs allege against Defendants that:

1. The Plaintiff is Jennifer Armstrong, for and on behalf of her minor daughter, J.A., who is a minor and over whom Jennifer Armstrong has legal custody.

2. Defendants include City of Fort Wayne in its representative capacity; and Officers Ryan Nystuen and Alli Barnhorst, who at all times were employed by the City of Fort Wayne and who were acting as persons under color of law in their individual capacities under 42 U.S.C. § 1983 when, on March 21, 2017, they interacted with the Plaintiffs and violated Plaintiff's rights under the First Amendment of the United Stated Constitution, caused J.A. to suffer a retaliatory arrest for engaging in free speech protected by the First Amendment, and for using excessive force against J.A. during an arrest contrary to the provisions of the Fourth Amendment of the United States Constitution, and who otherwise committed battery and the intentional infliction of emotional distress contrary to the tort laws of the

–1–

state of Indiana as is more explained in the detailed allegations set forth in the Notice of Tort Claim, which is attached hereto and made apart hereof as Exhibit A.

3. On March 21, 2017, Fort Wayne City Police Officers Alli Barnhorst and Ryan Nystuen responded to Plaintiffs' home at 2557 River Cove Trial in Fort Wayne, Indiana.  Jennifer Armstrong and her daughter (J.A.) were involved in a disagreement over the usage of electronic devices in the home.  When the Officers spoke with J.A., J.A. told them to "get out" and she used cuss words towards Officer Nystuen, who became upset and offended and who stepped into J.A.'s room and told J.A. that she was not allowed to speak like that to him (an Offficer).  J.A. kept telling Officers Barnhorst and Nystuen to "get the fuck out", and J.A. refused to get off the phone.  Even though J.A. was committing no crime, Officer Nystuen placed handcuffs on J.A.; then both Officers (Nystuen and Barnhorst) tackled J.A., pinned her to the bed, and then forcibly removed her by pushing, pulling and dragging her downstairs, causing J.A. to hit her head on the wall and otherwise commit excessive force against J.A., who suffered from Bi-Polar Disorder.  When the Officers got J.A. outside, they later threw her on the ground and put their knees in J.A.'s back and smashed her face and ear into the ground.  Plaintiff J.A. received injuries and damages as a result of the battery, excessive force, and retaliatory arrest – including pain and suffering about her body, arms, wrists, face; a possible concussion, headaches, nausea, dizziness; physical pain, mental suffering, mental anguish, emotional distress, loss of liberty, false arrest, intentional infliction of emotional distress, and other damages and injuries. Plaintiff J.A. was taken to the Allen County Juvenile Center and was not taken to the hospital for treatment of her injuries.  The actions of the Defendant Officers were

committed while they were employed by the City of Fort Wayne; the City of Fort Wayne is liable under Indiana Tort Law for the actions of its Officers under the doctrine *respondeat superior.*

4. The Defendant Officers acted in intentionally and in reckless disregard of Plaintiffs' federally protected civil rights, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff pray for judgment against the Defendants, for compensatory damages, for reasonable costs of the action, and as against the individually named Officers Plaintiffs seek compensatory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1983 and § 1988.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

 /s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
*Attorney for Plaintiffs*